UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Molly Peterson,<br>*Plaintiff*,<br>v.<br>Margaret Brim Bewkes,<br>*Defendant*. | Index No. ________________<br>The Honorable ________________ |

# COMPLAINT

Plaintiff Molly Peterson, through her attorneys at Sedhom Law Group, PLLC, brings this action against Defendant Margaret Brim Bewkes. She alleges the following:

## Jurisdiction and Venue

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331; this is a civil action arising under the Fair Labor Standards Act.

2. The district is the proper venue for this action under 28 U.S.C. § 1391(b)(1) because Ms. Bewkes resides in this district and under § 1391(b)(2) because she conducts business in this district, her payroll records are maintained in this district, and her workers' compensation insurance insures employees in this district.

## Parties

3. Molly is an individual who lives in New York, New York.

4. Ms. Bewkes is an individual who lives in New York, New York.

5. Ms. Bewkes is only registered to do business in the State of New York.

6. Ms. Bewkes' keeps her payroll records at her New York, New York residence.

7. Ms. Bewkes has workers' compensation coverage in New York, New York.

## Statement of Facts

8. Ms. Bewkes employed Molly as a household employee from June 2000 until May 28, 2026.

9. During the entirety of Molly's employment, Ms. Bewkes withheld federal, New York State and New York City income taxes.

10. Upon information and belief, Ms. Bewkes withheld Federal, New York State and New York City income taxes from all employees.

11. Molly was a "domestic worker" under § 2 of the New York Labor Law.

12. Molly resided at Ms. Bewkes' home during her workweek, which means she resided there three or four evenings each week.

13. Under § 170 of the New York Labor Law, Molly was entitled to overtime pay of 1.5 times her normal wage rate for each hour she worked over 44 in a workweek.

14. Molly frequently worked more than 44 hours per week during her employment with Ms. Bewkes. For example:

a. From June 2020 through April 2022, Molly worked from 9:15 a.m. until 11:00 p.m., Monday through Wednesday, and from 7:00 a.m. until 6:00 p.m. on Thursday, for a total of 52.25 hours per week.

b. From May 1, 2022, through her May 28, 2026, termination, Molly worked from 7:30 a.m. until 11:00 p.m., Monday through Thursday, and from 7:30 a.m. until 9:00 a.m. on Friday, for a total of 63.5 hours per week.

15. Ms. Bewkes improperly classified Molly as an employee exempt from overtime payment requirements.

16. Ms. Bewkes did not pay Molly any overtime wages during her employment.

17. While on duty, Molly was only free to leave Ms. Bewkes' property to run errands or perform other tasks for Ms. Bewkes

18. Ms. Bewkes would text or call Molly about job-related matters after Molly's workday or workweek ended because Molly was always "on call," even after her day ended.

19. Ms. Bewkes did not provide Molly with a work-free meal break of at least 30 minutes during her work shifts.

20. Ms. Bewkes did not provide Molly with a wage notice when she hired her or any time her wage information changed.

21. Ms. Bewkes did not provide Molly with an adequate wage statement with each payment of her wages.

22. Ms. Bewkes did not enroll Molly in New York Paid Family leave, which is a mandatory, employee-funded benefit.

23. Ms. Bewkes did not provide Molly with required employment posters.

**Count One:**
**Violation of Fair Labor Standards Act § 207**

24. Molly repeats and re-alleges the allegations in ¶¶ 1-23.

25. Molly was an employee entitled to overtime compensation under Fair Labor Standards Act § 207.

26. Molly worked for Ms. Bewkes for more than 40 hours per week during her employment with Ms. Bewkes.

27. Ms. Bewkes failed to pay Molly overtime wages during Molly's employment.

28. Ms. Bewkes misclassified Molly as an employee exempt from overtime compensation requirements.

29. Ms. Bewkes' failure to pay overtime wages has damaged Molly in amounts to be determined at trial, but no less than $141,196.17, plus liquidated damages of $141,196.17, attorneys' fees of $141,196.17, costs, and other compensation under the Fair Labor Standards Act.

**Count Two:**
**Violation of New York Labor Law § 170**

30. Molly repeats and re-alleges the allegations in ¶¶ 1-29.

31. Under § 170 of the New York Labor Law, Molly was entitled to overtime pay of 1.5 times her normal wage rate for each hour she worked over 44 in a workweek.

32. Molly worked more than 44 hours per week during her employment with Ms. Bewkes.

33. Ms. Bewkes' failure to pay overtime wages has damaged Molly in amounts to be determined at trial, but no less than $141,196.17, plus liquidated damages of $141,196.17, attorneys' fees of $141,196.17, costs, and other compensation under the New York Labor Law.

**Count Three:**
**Violations of New York Labor Law § 195**

34. Molly repeats and re-alleges the allegations in ¶¶ 1-33.

35. Employers must provide their employees with wage notices that contain employer details and details regarding the employee's compensation,

including the rate and frequency of pay, when the employee is hired and any time their wage information changes.

36. Employees who do not receive these notices can recover up to $5,000 from their employer.

37. Ms. Bewkes did not provide Molly with these notices.

38. Employers must provide their employees with wage statements with every payment of wages that includes, among other things:

a. the dates of work covered by that payment of wages;

b. the name of the employee and employer;

c. the employer's address and phone number;

d. the employee's rate and basis of pay; and

e. gross wages, deductions, and allowances.

39. Employees who do not receive these statements can recover up to $5,000 from their employer.

40. Ms. Bewkes did not provide Molly with adequate wage statements with her pay, as the statements did not include required information such as hours worked and paid and unpaid sick time available.

41. Molly therefore demands that Ms. Bewkes pay her $10,000 for her violations of New York Labor Law § 195.

## Count Four:
## Violation of New York Labor Law § 162

42. Molly repeats and re-alleges the allegations in ¶¶ 1-41.

43. Molly was entitled to work-free meal breaks of at least 30 minutes during every shift of at least six hours.

44. Molly was entitled to an additional 20-minute break between the hours of 5:00 p.m. and 7:00 p.m. because her workday began before 11:00 a.m. and continued after 7:00 p.m.

45. Ms. Bewkes did not provide Molly with these breaks and Molly worked while she ate her meals and during her required rest period.

46. Molly therefore demands that Ms. Bewkes pay her $55,604.57 as compensation for the time she worked through her meal and rest breaks, plus liquidated damages in the amount of $55,604.57 in accordance with New York Labor Law § 198.

47. New York State may assess a penalty of one percent of an employer's payroll amount if the employer fails to provide New York Paid Family Leave insurance.

## Conclusion

48. Molly respectfully requests judgment against Ms. Bewkes as follows:

a. On the first Count, an amount to be determined at trial, but no less than $423,588.51.

b. On the second Count, an amount to be determined at trial, but no less than $423,588.51.

c. On the third Count, an award of $10,000.

d. On the fourth Count, an amount to be determined at trial, but no less than $55,604.57.

e. Statutory prejudgment interest of nine percent calculated yearly on the underpayment.

Date: September 2, 2026
New York, NY

Respectfully submitted,
**Sedhom Law Group, PLLC**

By: Rania V. Sedhom

Rania V. Sedhom
Matthew Scott
630 Fifth Avenue, Suite 2508
New York, NY 10111
212-664-1600 (o)
212-563-9280 (f)
rsedhom@bespokelawfirm.com
*Attorneys for Plaintiff*